PER CURIAM.
The final judgment on appeal here found that the buyers in a real estate transaction were entitled to the return of their earnest money deposit. The basis for this ruling was that “no offer and acceptance of a particular agreement expressed or implied was ever accomplished within the requirements of the law.”
After much preliminary skirmishing the parties established a date (which fell on a Friday) and a time for the closing of the sale. At closing the buyers tendered a portion of the closing funds by personal check. Because the closing agent objected to the form of the tender, there was a closing in escrow upon the buyers’ agreement to substitute a cashier’s check for the personal check on the next business day. This was the sole condition of the escrow.
Buyers, having obtained the keys to the premises at closing, went to the property on the weekend, poked a hole through a ceiling and found termite-damaged beams. On that basis they refused to comply with the escrow condition and brought suit for return of their earnest money deposit.
The only term or provision of the contract between the parties placed in issue at the closing was the form of the funds tendered. Buyers agreed to obtain and deliver a cashier’s check. No reciprocal obligations were imposed upon sellers nor were any conditions either express or implied attached to the escrow. Accordingly, buyers had no right, vis-a-vis the escrow, to refuse to perform because of some supposed failure of the sellers to comply with one or more conditions of the purchase and sale agreement. The trial court erred in this regard.
The remaining question is whether the trial court’s conclusion was perhaps right but for some other reason.
The provision of the contract upon which buyers ultimately rely to avoid the sale is paragraph 10 which provides: “10. TERMITES: Seller to deliver at closing a report from a licensed pest control company showing property free of termites.”
Buyers take the position, albeit couched in different terms, that there was no meeting of the minds on this provision. The original contract signed by buyers and tendered as an offer to sellers contained this provision. Sellers initially attempted to eliminate the requirement of a termite inspection. The broker intervened and ultimately there were at least two termite inspections, the property was treated for termite infestation and, thereafter, a clear report was given. Subsequently, there was apparently another adverse report.
*1115 Certainly the status of paragraph 10, as to whether or not it was a part of the contract from time to time was questionable. For two reasons, however, buyers could not prevail on the basis of this uncertainty.
First, there were termite inspections which were paid for by sellers and the premises received termite treatment. Thus, whether sellers did or did not accept this term of buyers’ original offer is entirely moot.
A second and more significant reason for concluding that buyers lose on this issue is that they question not whether the condition as written was part of the contract and, if so, whether it was satisfactorily performed. Instead, buyers take the position that under their interpretation of the contract sellers were required to repair any termite damage. The thrust of this argument is that there was no meeting of the minds on whether sellers assumed the responsibility for repairing termite damage. That position is totally unsupportable. Except for the self-serving testimony of one of the buyers that he understood the provision to require sellers to pay for termite damage, there is simply no basis in this record for so concluding. Paragraph 10 could not possibly be construed to impose a duty to repair.
Accordingly, we reverse the final judgment and remand with instructions that judgment be entered for appellants.
REVERSED AND REMANDED.
HERSEY, C.J., and DELL, J., concur.
GUNTHER, J., dissents without opinion.